974 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert F. KOEHLER, Jr., Plaintiff-Appellant,
v.
EASTMAN KODAK CO., Defendant-Appellee.
 No. 90-16471.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 19, 1992.
Decided Sept. 10, 1992.
 
 1
 Appeal from the United States District Court for the Eastern District of California, No. CV-87-0486-MLS; Milton L. Schwartz, District Judge, Presiding.
 
 
 2
 E.D.Cal.
 
 
 3
 AFFIRMED.
 
 
 4
 Before KOZINSKI and DAVID R. THOMPSON, Circuit Judges, and VON DER HEYDT, District Judge.*
 
 
 5
 MEMORANDUM**
 
 
 6
 Robert F. Koehler, Jr. appeals pro se the district court's dismissal of his complaint against Eastman Kodak Co. under Rule 12(b)(6). Koehler was granted leave to amend. He elected not to amend, however, because he contends the district court threatened him with Rule 11 sanctions if his amended complaint did not state a claim.
 
 
 7
 We have jurisdiction under 28 U.S.C. § 1291. We affirm the dismissal of Koehler's complaint, and the dismissal of the underlying action, but for reasons different from those relied upon by the district court. Marino v. Vasquez, 812 F.2d 499, 508 (9th Cir.1987) (appellate court may affirm district court on any ground supported by the record).
 
 
 8
 After Koehler filed his complaint against Kodak, he stipulated through his then counsel of record that he would dismiss this action upon receipt of payment in settlement of a related action he had filed in the California Superior Court against Far West Micrographics, his former client. In the related action, Koehler sought payment of attorney fees he alleged Far West owed to him. In this action against Kodak, he claimed tort damages resulting from Kodak's failure to honor his lien for such fees. Eventually, Koehler received $37,000 in settlement of his action against Far West, but he refused to dismiss this action against Kodak.
 
 
 9
 Koehler concedes that if he is bound by the stipulation, this action should be dismissed. The only reason Koehler asserts for not being bound by the stipulation is that he did not read it before his attorney signed it, and when he did read it he was "shocked and surprised."
 
 
 10
 Koehler is an attorney. He was represented by the same attorney in both actions when the stipulation was signed and filed. The stipulation was one of a series of three separate stipulations filed in April 1988, July 1988 and November 1988. Each stipulation stated that "plaintiff [Koehler] has agreed to dismiss this action pending receipt of payment of a sum in settlement of a related action in the California Superior Court."
 
 
 11
 Koehler's failure to read these stipulations does not insulate him from what they clearly say. Had he bothered to read any of them, and if he objected to their contents, he might have fired his attorney or repudiated the stipulations. He did neither. For whatever reason, Koehler and his attorney were quite willing that Kodak not plead in the federal court action, pending receipt of the settlement proceeds in the state court action. This is what happened. Koehler received the settlement proceeds and got from Kodak what he bargained for. His attempt to avoid the stipulations under these circumstances is unavailing.
 
 
 12
 AFFIRMED.
 
 
 
 *
 Hon. James A. von der Heydt, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3